Burton, J.,
delivered the opinion of the court.
Matheny the plaintiff in error made his promissory note payable to one E. G. Green,, on the 25th day of December, 1868, for the sum of thirty-three dollars.
On the 13th of February, 1868, one A. F. Dickey, a creditor of Green caused a garnishment summons to be served upon Matheny. Matheny appeared before J. D. Brooks, a justice of the peace for Hardin county, and answered that he had executed the note above described, and stated in his answer that the note was still in the possession of Green. The justice gave judgment against Matheny for the amount of the note, on the 25th of January, 1869.
On the 28th of May, 186_9, Green the payee, assigned the note to Hughes Brothers, of which firm the defendants in error are the surviving partners. Hughes Brothers brought suit before a magistrate against Matheny, they were cast in the suit, and appealed to the Circuit Court of Hardin county where the cause was tried by a jury before the Hon. Elijah Walker, Judge of the Circuit Court at the May Term, 1871. This trial resulted in a verdict and judgment against Matheny for $39 and costs, from which he has appealed in error to this court, his motion for a new trial having been overruled.
*403 There was no controversy as to the facts of the case, and the errors complained of are said to exist in his Honor’s charge to the jury.
The instructions given to the jury are very concise and clear, and we cannot give a fair statement of his Honor’s view of the case in fewer words than he has employed.
This cause, his honor said, “involved the construction of secs. 3495, 3090 and 3097 regulating the law of garnishment; that plaintiff’s counsel contended that a debt due by negotiable security was not the subject of garnishment in a court of law, while defendants’ counsel contended that such debt was by the terms of sec. 3097, the subject of garnishment. that the note purported on its face to be due the 25th of December, 1868, and that if they (the jury) believed from the testimony of Newcomb that it was endorsed to plaintiffs on the 28th day of May, 1868, in due course of trade, that plaintiffs took the note discharged of all equities^ that might exist between the maker and the payee, and although Matheny, the maker, might have been . summoned as . garnishee of Green, in February, before the endorsement, and while the note was in the hands of Green, that plaintiffs would be entitled to a recovery; that sec. 3495, of the Code, provided that a garnishee should not be made liable upon a debt due by negotiable paper, unless such paper is delivered up or the garnishee completely exonerated from all liability thereon, and that neither a Justice’s Court nor the Circuit Court possesses the jurisdiction to make orders and decrees to *404 protect a garnishee witness in such conditions; that' the Chancery Court alone could order the note to be delivered up and restrain the payee from transferring it.”
We are not prepared to say that this charge of his Honor is erroneous. Before the enactment of the Code, 'it has been held by this Court that a negotiable note might be attached, but it is also held • that the liability of a garnishee is conclusively settled by his answer, and if he answers that he does not know where the note is or who holds it, he does not admit indebtedness to the defendant and cannot be charged, although at the date of the answer the note may be overdue; for it may have been assigned before it fell due. But when the garnishee answers that he was indebted at the time of the garnishment, and it appears that the note had not been assigned before it was dishonored for non-payment, he is liable. 7 Yer., 42; 4 Hum., 299; 6 Ibid, 403.
.While a note is current as negotiable paper, it is impossible for the maker to say whether at the time •of the garnishment the note is still the property of the payee, but if the garnishee should know and answer that the payee at the time of the garnishment was the holder of the note, it b.eing not yet then due, no judgment should be rendered against him, because his obligation is not to pay to any particular person, but to the holder at maturity, whoever he may be.
To hold that an attachment by garnishment prevents a subsequent bona fide endorsee from acquiring a good title to a note taken before maturity and in *405 due course of trade, would destroy its usefulness in commercial transactions.
It has not been overlooked in considering this case that the garnishee was summoned in point of fact, and answered before the endorsement of the note.
But there is no intimation in the record that Hughes Brothers had actual knowledge of this fact. It is also observable that the magistrate did not enter judgment until after the maturity of the note. Now, by sec. 3090, execution of the garnishment judgment may be stayed until choses in action fall due. But then, perhaps, it would be proper to enter the judgment, although the execution is to be stayed.
It is a familiar principle that whoever purchases property which is in litigation at the time, takes it subject to any decree which may be made in respect to it in the pending suit, and lis pendens is notice to any person dealing with a party to the litigation. But if proceedings before a magistrate constitute lis \pendens, this proceeding was not duly prosecuted, and however this may be, it is said by high authority that the doctrine has no application to negotiable paper. 1 Parsons on Notes and Bills, 260.
Upon the whole, we are content to adopt the construction put upon sec. 3495, of the Code, by his Honor in this case, certainly it is a reasonable construction and more nearly protects the rights of all parties to commercial paper, than the opposite construction would.
The judgment of the Circuit Court is affirmed.